[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON WITHDRAWAL OF ACTION
By complaint dated December 2, 1997, the plaintiff, Kenson Company, Inc., sued the Berlin Planning Zoning Commission claiming an injunction and a declaratory judgment.
By administrative appeal, Berlin Batting Cages, Inc., brought a timely appeal of the Commission's July 11, 1995 action in denying a site plan.
On January 16, 1998 the defendant in this case moved to dismiss the declaratory judgment action for lack of notice pursuant to Practice Book § 17-55(4) and claimed that the declaratory judgment action and/or injunctive relief sought should, at a minimum, await the outcome of the administrative appeal.
The plaintiff and Berlin Batting Cages, Inc., are landlord and tenant. The two actions ultimately concern the some commission action.
Plaintiff has now filed a withdrawal in the instant case. The defendant objects to the withdrawal claiming that a hearing has commenced, requiring court permission pursuant to § 52-471 of the Connecticut General Statutes.
In withdrawing the action, plaintiff appear to leave defendant in exactly the position where it would have been had its motion to dismiss the matter been granted by a court.
Moreover, the "hearing" in question was a motion to dismiss which was held in the New Britain Superior Court on January 30, 1998. We have now passed long beyond the 120 day decision period allowed to the trial judge and no decision has been rendered.
This court need not rule whether or not a "hearing" was held. It appears that the withdrawal by the plaintiff accomplishes a practical solution. The court can conceive no substantial reason CT Page 15502 why the defendant Planning Zoning Commission would be in a worst position if the case is withdrawn, than it would have been if its motion to dismiss were granted.
The plaintiff's motion to dismiss challenged the adequacy of notice under our procedural rules for declaratory judgment as well as the ability to test certain rights in an administrative appeal largely relying on the rationale of Cioffoletti v.Planning Zoning Commission, 209 Conn. 544 (1989). If the present case had been dismissed because of arguments based uponCioffoletti, it appears likely that the dismissal would have been for procedural reasons which could later be cured. Where the procedural defects cured, and the matter refiled, it appears to the court that for all practical purposes the defendant would be in the same position that it would be in if the plaintiff were allowed to withdraw its complaint and later refile.
Assuming, without deciding, that the hearing referred to requires leave of the court to withdraw this action, such leave is granted.
The Court by,
Kevin E. Booth